Your Honors, I believe we've submitted our briefs and covered almost all of the information I have. What I'd like to do is, if the Court has any questions, I'd like to answer those or reserve time after the Counsel is going to respond. So we know that Mr. English's counsel received the notice of the bankruptcy. Yes. But what we don't know is why he didn't respond. I mean, what were the circumstances of why he didn't respond to it in a timely fashion? Well, Your Honor, first, I'm not bankruptcy counsel. The Court, I believe, would understand that. Getting to the bankruptcy issue, the stay that was placed on this case, and from the time I took over the appeal, the respondent, nor did, in fact, the attorney for the government, bring up the issue of why didn't Mr. English bring a claim. I believe that, with the stay in place and the appeal being held up, I believe he reasonably thought that, well, at this point I won't do anything. After the stay was lifted and we began the procuring of the briefs, the respondent brought up this issue. Even to me, it should be dismissed. But wasn't there something in the file, that notice of the bankruptcy in a form for creditors to fill out and submit? There is a form, I believe, in the file that the Bankruptcy Court submits, and that form in general says, you know, we will notify you to submit a claim. Now, whether or not that occurred, I honestly can't answer. Is it a fact that these claims were discharged by the Bankruptcy Court? I believe, and I believe the respondent can answer that question better than I can, but I believe that all of the Santa Anita creditors' debts were discharged as far as I know. Right. So either the prior counsel, before his death, or you, you should have submitted a claim on behalf of Mr. English because he was a potential creditor of the estate. And I guess I'm looking to see whether there's some basis for excusable neglect in doing so, not just, I mean, you haven't said anything as to why it wasn't done. The only thing I can think of, Your Honor, is that during the course of this case, you stayed by the Bankruptcy Court, and then the appeal process, that it didn't seem to be an issue that we were dealing with that had to do with this issue of the summary judgment that was granted in this case. That was the thrust of the issue. Had the respondent raised that as an issue with me, then I probably would have had Mr. English contact a bankruptcy counsel to make a motion for relief. Right, but it's not their obligation to raise it. It's your obligation once you learn of the bankruptcy, and, I mean, you were going to appeal the summary judgment, so if there was any viable claim, it should have been brought to the attention of the Bankruptcy Court. I cannot answer as to why the original claim was not filed in this case. I know that the attorney for Mr. English at the time became ill and eventually passed away. I don't know if that had any effect on the case. Counsel, do you know anything about the time sequence? When did she become ill, and when did she cease representing him? I believe, Your Honor, she became ill... If you know, I don't want you... I understand. Well, she passed away, I believe, in April of last year. Yes, we know that. And she had been ill prior to that time, and it had been probably three months or four months prior to that time that I was contacted by Mr. English. And Mr. Jackson apparently was ill at that time and unable to proceed with the case. Excuse me, Judge Fletcher, go ahead. I'm just going to ask, when did you start representing him? At that time, had the time expired for filing a claim? At the time I started representing him, I believe the time had, in fact, expired. You don't know for sure? I would not say for sure, but I'm very certain that from the time of the Santa Anita filing their petition of bankruptcy and then assuming he'd been notified, that I believe the time had expired when I got involved in the case. Well, who was representing Mr. English on April 28, 2009? That would have been Ms. Jackson, I believe. Let me think out loud while you're still here, and you can set me straight if I'm missing this. If it is true that Mr. English's claim was discharged in bankruptcy, wouldn't we be obligated to dismiss your appeal unless and until you get the bankruptcy court to change its order? It would appear that the court is correct in that. I would actually have to, and I'm not trying to avoid answering your question, Your Honor, but a bankruptcy specialist would be the person who could answer that question more properly. I would think that he would have some avenue in the bankruptcy court because of his case being placed on appeal for so long. And we were not able to file our appellate brief until sometime after November of 2010. So, but I can't actually answer what the court is saying. If that is the case, if this claim had been discharged in bankruptcy, the only avenue Mr. English would have would be to seek some redress from the bankruptcy court. And again, I'm not qualified to do that. Fair enough. I appreciate your candor. Thank you. Any other questions? No. I don't think so. Mr. Fisher, is there anything else? No, Your Honor. Your Honor, just as we set forth in our briefs, this clearly had facts were set forth that could have been heard by the jury. And we believe that the trial court substituted its own interpretation and acted basically as a trier of fact. And we think that was an error that the facts used. On the merits of this, I mean, I think you have a pretty good case. If you could find a way to get the bankruptcy court to modify its order. I appreciate that, Your Honor. Thank you, Mr. Fisher. Good morning, Your Honor. This is Christine Barron for the appellees. I'd like to address the bankruptcy issue because what I did do is- Could you pull the mics a little closer to you, please? Sure. They're highly directional, so you have to- Sorry. Can you hear me? What I did do was put together a sequence of events so that I could even put together when this all happened. And I was involved with the entire case. So what I did was I went back through emails that I had had discussions with Ms. Jackson and including the mediator of this court. And what we found was we filed the appeal-well, I'm sorry. Mr. English filed the appeal June 3rd. We had gone through a mediation process through the Ninth Circuit Court of Appeals on October 2nd, 2008. Okay. What year was-June 3rd of what year? I'm sorry. June 3rd, 2008 was when the appeal was filed. Okay. October 2, 2008, we went through mediation through this court. Bankruptcy-and it was an unsuccessful mediation, but the parties were still talking. Bankruptcy was then filed by Magna Inc. and its subsidiaries on March 5th, 2009. At that point in time, a further mediation had been scheduled with this court to take place on March 25th, 2009. And what occurred between then is we advised this court as well as Mr. English's attorney that bankruptcy had been filed. We then filed a notice with this court indicating that there was a bankruptcy. So on March 25th, 2009, at the same time as the mediation was canceled, we filed a notice of bankruptcy with this court. That was even before formal notice went out to the creditors through the bankruptcy court. So there was already notice before anything else. Can I ask you something? This was while Ms. Jackson was still representing the Englishes? That is correct. Right after that, right after we filed notice on April 3rd, 2009, formal notice went out through the bankruptcy court to all the creditors. That was served on all the creditors, including Mr. English, through his attorney, Rochelle Evans Jackson. At that point in time, the bankruptcy court established a July 1, 2009, deadline for any bankruptcy. And there were many proofs of claims to be filed. Again, Rochelle Jackson was the attorney of record at that point in time. The problem I have with an argument that there was some waiver is Mr. English, through his counsel, and Mr. English himself had notice of this bankruptcy even before the formal notice went out through the bankruptcy court. There were several occasions where he could have filed. Do we know anything about Ms. Jackson's condition during this period of time? I mean, we know she died March 19, 2010, that we don't know there was any incapacitation or anything. I can tell you that I was having discussions with Ms. Jackson, Lucid, and she was very involved in the case and engaged up through November of 2009. I had discussions with her. Do you know what she died of? She had brain cancer, and it was very sad. After being with counsel for so many years, contentious or not, it was very sad. So I did speak to Ms. Jackson in November 2009 because we were still trying to figure out if there was some way to resolve this matter in light of the bankruptcy, and there really wasn't because of the stay. So there had been an effective stay for almost a year and a half to two years. The creditor, meaning Mr. English, never did anything to try to move to vacate that stay or to ask the bankruptcy to take out the stay with regards to his claim. We couldn't do anything. The bankruptcy attorneys basically told us our hands were tied. Let me ask you, suppose you're right about all of this. What do we do? Is it affirmed? Is it dismissed without prejudice? I mean, dismissed as moot? I mean, what exactly is our bottom line here? Our contention is that it should be dismissed with prejudice because it's all been discharged, and there's been an order of the court in bankruptcy, and all the papers have been filed, and I think we filed it with this court, too. So my understanding is that it would be dismissed with prejudice. Let me ask you a hypothetical. Suppose we dismiss it, however we dismiss it, and they were to go back to the bankruptcy court and get that order of discharge set aside for whatever reason. I don't know. Then can he come back? Could he get the appeal reinstated? Hypothetically and without any bankruptcy law in my background. I bet you I know less about it than you, so that's why I'm asking you. I mean, we actually did retain a bankruptcy attorney to help us out with this, so I really don't know. I don't know the answer to that. I don't know if he could vacate that order. I presume that if he could, then this would start anew, but I have no idea if he has the power to do that. I wonder if it's possible to stay the appeal pending. They're going off and asking for some kind of relief from the discharge order so that we could get to the merits of the order. I don't know the answer to this. When did the discharge order get entered? The discharge order was entered on Notice of Occurrence of Effective Date of Chapter 11 file saying that the plan was consummated. It was May 3, 2010. They had plenty of time to do a judge's wordless contemplating, if I guess that they wanted to. There is one item, and I don't want to belabor it because I'm not sure if it's just different minds have different recollections, but in November of 2010, when I was contacted by new counsel, I did raise the issue as to, are you really going forward with this appeal in light of the whole bankruptcy? Now, I probably would not have been as detail-oriented stating there was a discharge of all claims, but I know for a fact that I did raise the fact that there was this bankruptcy, and I wasn't very sure how it was going to play out with this appeal, and that we, Santa Anita and MAGNA, were going to reach out to a bankruptcy attorney to find that out. So to state that it was never broached I think is inaccurate, so I do want to state that. Other than that, are there any other dates that you need on the bankruptcy issue? I'm not sure it did work on anything. No. I don't think so. Thank you very much. Thank you. Mr. Fisher, anything else you wanted to answer? I do want to make a comment. Mr. Ryan is correct. We did discuss it in November of last year, but at that time my recollection was that they had, meaning the respondent, had obtained bankruptcy counsel, or the same bankruptcy counsel, and we had a discussion over what was going to happen, and I don't know how that was resolved. I do know that it was our intention, I imply, sir, that we would continue with the appeal once the afterstatement lifted. But we didn't get into it in a while. We discussed it regarding bankruptcy. Thank you, Mr. Fisher. Thank you. Thank you also. Case to start, you just submit.
judges: Fletcher, Silverman, Wardlaw